UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTOR M. VASQUEZ,<br>Plaintiff<br><br>v.<br><br>TOKO ELECTRIC LLC, *et al.*,<br>Defendants | No. 23 CV 1799<br><br>Judge Jeremy C. Daniel |

### ORDER

The defendants' motion to dismiss [10] is denied. The defendants shall answer the complaint by January 31, 2024.

### STATEMENT

According to the complaint, Plaintiff Victor Vasquez worked for Defendant Toko Electric LLC as an electrical worker from May 2022 to January 2023. (R. 1 ¶¶ 11–12.)[1] During this time, the plaintiff alleges that Toko Electric failed to keep proper time records, resulting in unpaid wages and overtime compensation owed to him as a covered employee under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.* (*Id.* ¶¶ 9, 12, 19–20, 23–24.) The plaintiff filed a two-count complaint against Toko Electric, its owner and president, Ivan Ortega, and its manager, Lisbeth Solis, alleging violations of the FLSA and IMWL. (*See generally, id.*) The defendants now move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). (R. 10.)

A motion to dismiss tests the sufficiency of a claim, not the merits of a case. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 885 (7th Cir. 2022). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff "must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Dismissal is

---

[1] For CM/ECF filings, the Court cites to the page number(s) set forth in the document's CM/ECF header unless citing to a particular paragraph or other page designation is more appropriate.

proper where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief*." Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The defendants challenge both the FLSA and IMWL claims, arguing that the plaintiff has failed to plausibly state a claim under either statute. (R. 10 at 3–11.) Because the same general analysis applies to claims brought under the FLSA and IMWL, the Court addresses both claims together and refers to the two statutes collectively. *See Divine v. Volunteers of Am. of Ill.*, 319 F. Supp. 3d 994, 999 n.1 (N.D. Ill. 2018).

The FLSA and the IMWL provide for minimum hourly wages and overtime pay for hours worked in excess of forty hours per week. *Brown v. Club Assist Rd. Serv. U.S., Inc.,* No. 12 C 5710, 2013 WL 5304100, at *5 (N.D. Ill. Sept. 19, 2013) (citing 29 U.S.C. §§ 206(a), 207(a)(1)) (FLSA); *id.* at *7 (citing 820 ILCS 105/4(a)(1), 105/4a(1)) (IMWL). Both statutes govern only employer-employee relationships. *Id.* at *5, *7. They do not cover independent contractors. *See Dalton v. Sweet Honey Tea, Inc. & DeShazer,* No. 23 C 1793, 2023 WL 8281524, at *6 (N.D. Ill. Nov. 30, 2023). An employer who violates the FLSA or the IMWL is liable to the affected employee in the amount of their unpaid minimum wages or overtime pay, as the case may be. *See* 29 U.S.C. § 216(b); 820 ILCS 105/12(a).

The sole argument that the defendants advance in support of dismissal is that the plaintiff has failed to plausibly allege that he is an "employee" within the meaning of the statutes. (R. 10 at 3–11.) They argue that the allegations in the complaint show that the plaintiff was "more likely an independent contractor." (*Id.* at 7.) But the plaintiff's status as an employee "presents a factual dispute that is more properly resolved at summary judgment." *Dalton,* 2023 WL 8281524, at *7. In fact, almost all of the cases that the defendants cite in support of dismissal concern motions for summary judgment. (*See* R. 10 at 5 (citing *Perez v. Super Maid, LLC*, 55 F. Supp. 3d 1065 (N.D. Ill. 2014); *Harris v. Skokie Maid & Cleaning Serv., Ltd.*, No. 11 C 8688, 2013 WL 3506149 (N.D. Ill. July 11, 2013); *Solis v. Int'l. Detective & Protective Serv., Ltd.*, 819 F. Supp. 2d 740 (N.D. Ill. 2011).) And the other cases cited in their motion are out-of-circuit bench trial decisions, (*see id.* at 8 (citing *Dole v. Amerilink Corp.*, 729 F. Supp. 73 (E.D. Mo. 1990)), or appeals therefrom. (*See id.* at 9–10 (citing *Schultz v. Capital Int'l. Sec., Inc.*, 466 F.3d 298 (4th Cir. 2006); *Dole v. Snell*, 875 F.2d 802 (10th Cir. 1989).) None of the cited cases address the employee-status issue at the motion to dismiss stage.

It is not surprising that the defendants fail to provide authority in which the employee determination is made at this stage of proceedings. To determine whether a plaintiff is an employee for purposes of the FLSA and the IMWL, courts look to the "economic realities of the working relationship." *Dalton*, 2023 WL 8281524, at *7 (citing *Brant v. Schneider Nat'l, Inc.*, 43 F.4th 656, 665 (7th Cir. 2022)). "The economic realities test is a fact-intensive inquiry that requires the Court to analyze six-separate factors set forth by the Seventh Circuit." *Id.* (citing *Sec'y of Labor v.*

2

*Lauritzen*, 835 F.2d 1529, 1534 (7th Cir. 1987)). The six factors include: (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; and (6) the extent to which the service rendered is an integral part of the alleged employer's business. *Brown*, 2013 WL 5304100, at *5 (citing *Lauritzen*, 835 F.2d at 1535); *see also id.* at *7 (explaining that six-factor test for determining employee status under IMWL is "virtually identical to the FLSA test").

It would be premature to conduct such a fact-intensive analysis at the pleadings stage without the benefit of discovery. *See, e.g., id.* at *5–6 (explaining that the economic realities test involves a "totality of the circumstances approach," and "whether the final analysis goes to [plaintiff] or [defendant] is a matter more appropriately resolved at summary judgment"). For now, it is sufficient that the plaintiff has alleged that he was an employee of Toko Electric, and that Solis and Ortega were his employers who exercised supervision and control over his day-to-day work, including his schedule, the conditions of his employment, and the rate and method of his payment. *See, e.g., Dalton*, 2023 WL 8281524, at *7 (holding that the plaintiff's allegations that the defendants exercised "control over her employment and day-to-day job duties" were sufficient to survive a motion to dismiss); *Kendell v. Am. Income Life of Chi.*, No. 04 C 1140, 2005 WL 8162705, at *2 (C.D. Ill. Jan. 31, 2005) (explaining that the plaintiff's assertions that she was an employee and not an independent contractor were enough to survive dismissal notwithstanding her acknowledgement that she signed an independent contractor agreement).

Accordingly, the defendants' motion to dismiss is denied.

Date: 1/3/2024

JEREMY C. DANIEL
United States District Judge